Dear Mr. Rochon:
You advise that you currently hold a full-time position as city manager for the City of Carencro. You ask if you may retain this position if you are elected to the council of the Lafayette Parish Consolidated Government.
The provisions of the Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq., govern our response to your question. Note first that the municipality of Carencro and Lafayette Parish are considered separate political subdivisions of the state as defined by R.S. 42(9):
 (9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.
R.S. 42:63(D) permits a local elected official to hold full-time employment in a separate political subdivision of the state, but prohibits that elected official from holding full-time appointive office in any political subdivision of the state. R.S. 42:63(D) states, in pertinent part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. . . . *Page 2 
Thus, the question which must be answered here is: does the position of city manager constitute "full-time appointive office" or "full time employment" as defined by statute? The law defining "appointive office" and "employment" is found at R.S. 42:62(2) and (3), providing:
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
 (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
Further, "full-time" is defined by R.S. 42:62(4) as:
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
The City of Carencro is a Lawrason Act municipality, governed by the provisions of R.S. 33:321, et seq. The power to appoint certain officers is vested in the mayor, as provided in R.S. 33:386 and R.S. 33:404, stating in pertinent part:
 § 386. Appointment of municipal officials; bond required
 A. At the first regular meeting of the board of aldermen succeeding each regular municipal election, the mayor, subject to confirmation by the board of aldermen, shall appoint a clerk, tax collector, except as provided for in R.S. 33:381 (D), and all other necessary officers whose election is not provided for in R.S. 33:381. . . .(Emphasis added).
 ***** § 404. Duties of mayor
 A. The mayor shall have the following powers, duties, and responsibilities: *Page 3 
 (1) To supervise and direct the administration and operation of all municipal departments, offices, agencies, other than a police department with an elected chief of police, in conformity with ordinances adopted by the board of aldermen and with applicable provisions of state law; however, no such ordinance may limit the authority granted to the mayor by this Paragraph. All administrative staff shall be subordinate to the mayor.
 (2) To delegate the performance of administrative duties to such municipal officers or employees as he deems necessary and advisable.
 (3) Subject to applicable state law, ordinances, and civil service rules and regulations, to appoint and remove municipal employees, other than employees of a police department with an elected chief of police.
However, appointment or removal of a nonelected chief of police, the municipal clerk, the municipal attorney, or any department head shall be subject to approval by the board of aldermen, except that in the case of a tie vote, the recommendation of the mayor shall prevail. . . .(Emphasis added).
The position of city manager is not specifically mentioned in R.S.33:386 and therefore is not an office specifically created by statute. Our research through the code of ordinances of the City of Carencro reflects the position of city manager is not specifically created by ordinance. Thus, we conclude the position of city manager falls within the definition of "employment" in R.S. 42:62(3) and is within the mayor's power to "appoint and remove municipal employees" as provided by R.S. 33:404(A)(3).
Because the position of city manager of Carencro constitutes employment in a separate political subdivision of the state, this individual may also hold elective office as a member of the Lafayette Parish Consolidated Government.
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:__________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg